**Opinion issued April 13, 2023.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-22-00644-CV**

_____

**JEREMY BIGELOW, Appellant**

**V.**

**BERNARDO SANCHEZ RAMOS, ONAR MISLEH, AND KRISTINA MISLEH, Appellees**

___

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-18064**

___

**MEMORANDUM OPINION**

Appellant Jeremy Bigelow ("Bigelow") appeals from the trial court's June 13,

2022 final judgment. Bigelow filed a timely notice of appeal on September 1, 2022.

On September 7, 2022, the Clerk of the Court sent Bigelow's counsel and Appellees'

counsel the Court's standard general information letter acknowledging the filing of the notice of appeal and notifying the parties about appellate procedures, including payment of fees and the filing of a docketing statement, clerk's record, and reporter's record. With respect to the required appellate filing fee, the letter states:

> Unless an appellant is exempt from paying filing fees or has established an inability to pay filing fees, the appellant must pay the required $205 filing fee to prosecute the appeal. *See* TEX. R. APP. P. 5 (requiring payment of fees in civil cases unless excused) and 20.1 (listing requirements for establishing an inability to pay costs).
>
> This letter is **NOTICE** to the appellant that the required filing fee must be paid **within twenty (20) days** of the date of this notice. . . .

With respect to the clerk's record and reporter's record, the letter states:

> This letter is **NOTICE** to the appellant that the Court may dismiss an appeal for want of prosecution, if the clerk's record is not filed and it is appellant's fault. *See* TEX. R. APP. P. 37.3(b); 42.3. . . .
>
> To obtain the clerk's record and reporter's record without payment of costs, a party must file a Statement of Inability to Afford Payment of Court Costs and establish an inability to pay cost in the trial court. *See* Tex. R. Civ. P. 145. Unless an appellant has established an inability to pay costs in the trial, the trial-court clerk and court reporter are not required to file the clerk's and reporter's records until appellant has paid the required fees to prepare and certify the records, or has made satisfactory arrangements to pay the fees. *See* TEX. R. APP. P. 35.3(a)(2), (b)(3).
>
> . . .
>
> [T]he trial court clerk is due to file the clerk's record and the court reporter is due to file the reporter's record on or before **Tuesday, October 11, 2022**.

The letter also notified Bigelow that he was required to file a docketing statement:

2

An appellant is required to file a docketing statement. *See* TEX. R. APP. P. 32.1. Until the clerk's record is filed, the docketing statement is the primary source of accurate information about a newly-filed appeal. The information is used to establish appellate deadlines and to send notices to the correct parties at the correct addresses. The "Forms" section of the Court's website includes a docketing statement or the appellant may call the Clerk's office and ask that one be mailed. In this case, the Docketing Statement should be filed **within twenty (20) days** of the date of this notice.

On September 28, 2022, the Clerk of the Court notified Bigelow, who had yet to pay the appellate filing fee, that:

The case was filed in this Court on Tuesday, September 6, 2022. To date, our records show that **Appellant** has not paid the appellate filing fee. *See* TEX. R. APP. P. 5.

Unless Appellant notifies the Court in writing on or before **Friday, October 28, 2022** as to why Appellant should not pay the fee, or pays the appellate filing fee on or before **Friday, October 28, 2022**, the Court may dismiss the appeal. *See* TEX. R. APP. P. 42.3.

On October 17, 2022, the Court issued an order directing the official court reporter "to file the record in this appeal, if any, **within 30 days** of the date of this order." On October 18, 2022, the official court reporter filed an information sheet in which she advised the Court that there is a reporter's record, but Bigelow, who was not appealing as indigent, had not requested that the record be prepared, or paid or made arrangements to pay for the record.

On October 18, 2022, the Court notified Bigelow that the court reporter had not filed the reporter's record by the October 11, 2022 deadline because Bigelow

failed to request a reporter's record or failed to pay for or make arrangements to pay the reporter's fee to prepare it. The notice further stated:

> This is **NOTICE** that the Court may require you to file your brief and can consider and decide your appeal on those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c). The final deadline to submit written evidence from the court reporter that you have paid or made arrangements to pay the reporter's fee for preparing the reporter's record is **5:00 p.m., Thursday, November 17, 2022.**

On November 17, 2022, Bigelow filed a "response to letter dated October 18, 2022" in which he stated that he was attaching "evidence of payment of the reporter's record." The attachment, however, reflected that Bigelow paid for the clerk's record on November 16, 2022.[1]

On January 4, 2023, Appellees Bernardo Sanchez Ramos, Onar Misleh and Kristina Misleh ("Appellees") filed "Appellees' Motion to Dismiss Appeal for Failure to Comply with the Rules, Failure to Comply with the Court's Orders, and Failure to Prosecute the Appeal." In their motion, Appellees argued that Bigelow's appeal should be dismissed pursuant to Rules 5 and 42.3 of the Texas Rules of Appellate Procedure because Bigelow failed to (1) pay the appellate filing fee, (2) file a docketing statement, and (3) comply with several notices from the Clerk of the Court. More than ten days have passed since Appellees filed their motion to dismiss, and Bigelow has not responded to the motion.

---

[1] The District Clerk filed the clerk's record on January 31, 2023.

4

Rule 5 of the Texas Rules of Appellate Procedure states that a party who is not excused from paying costs "must" pay filing fees that are "required by statute or Supreme Court order" and appellate courts "may enforce the rule by any order that is just." TEX. R. APP. P. 5; *see generally* TEX. R. APP. P. 20.1 (stating indigent party who complies with Rule 20.1 may proceed without advance payment of costs). Rule 42.3(c) of the Texas Rules of Appellate Procedure states that "on any party's motion—or on its own initiative after giving ten days' notice to all parties—the appellate court may dismiss the appeal or affirm the appealed judgment or order," if "the appellant has failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time." TEX. R. APP. P. 42.3(c).

The Court's records reflect that Bigelow has not paid the required appellate filing fee, or established indigence for purposes of appellate costs, despite being given notice that his appeal was subject to dismissal if he did not pay the filing fee or establish indigence by October 28, 2022. *See* TEX. R. APP. P. 5 (stating party who is not excused from paying costs "must" pay filing fees "required by statute or Supreme Court order" and authorizing appellate courts to "enforce rule by any order that is just"); 20.1 (stating indigent party who complies with provisions of Rule 20.1 may proceed without advance payment of costs); *see also* TEX. GOV'T CODE §§ 51.207, 51.208, 51.941(a); Order Regarding Fees Charged in the Supreme Court,

in Civil Cases in the Courts of Appeals, and Before the Judicial Panel on Multi-District Litigation, Misc. Docket No. 15-9158. Bigelow also has not filed a docketing statement or complied with, or responded to, the Court's notices of September 7, 2022 (setting deadlines to pay appellate filing fee and file docketing statement), September 28, 2022 (notice of past due appellate filing fee), and October 18, 2022 (directing Bigelow to submit written evidence he had paid for or made arrangements to pay reporter's fee for preparing reporter's record by November 17, 2022).[2] *See* TEX. R. APP. P. 32.1 (requiring appellant to file docketing statement in appellate court); TEX. R. APP. P. 42.3(c) (stating Court may dismiss appeal if appellant "has failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time"). Each of Bigelow's omissions, standing alone, is sufficient grounds for the involuntary dismissal of his appeal.

Because Bigelow (1) failed to comply with Rules 5 and 32.1, and (2) failed to comply with notices from the Clerk requiring a response within a specified time, we

---

[2]     On November 17, 2022, Bigelow filed a "response to letter dated October 18, 2022" in which he states that he is attaching "evidence of payment of the reporter's record." The attachment, however, reflects that Bigelow paid for the clerk's record on November 16, 2022. Thus, while the cover letter indicates that Bigelow is responding to the Court's October 18 notice (related to the reporter's record), the substance of the response indicates Bigelow is responding to the Court's October 17 notice concerning the clerk's record.

6

grant Appellees' motion to dismiss and dismiss Bigelow's appeal pursuant to Texas Rule of Appellate Procedure 42.3(c).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.